```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PATRICIO R. MAMOT,                              :
                                                :
                       Plaintiff,               :    MEMORANDUM & ORDER
                                                :    21-CV-4732 (WFK) (LB)
       v.                                       :
                                                :
WALGREENS PHARMACY,                             :
                                                :
                       Defendant.               :
-------------------------------------------------------X
```

**HON. WILLIAM F. KUNTZ, II, United States District Judge:**

Patricio R. Mamot ("Plaintiff") filed this *pro se* action on August 9, 2021 in the United States District Court for the Southern District of New York. It was transferred to this Court on August 23, 2021. *See* ECF No. 3. Plaintiff's application to proceed *in forma pauperis* is GRANTED for the limited purpose of this Order. The Complaint is hereby DISMISSED for lack of subject matter jurisdiction.

## BACKGROUND

The Complaint states: "Walgreens Pharmacy failed to develop sensitive pictures that resulted in murder of my great grand nephew." Compl., ECF No. 2, at 2.[1] Plaintiff alleges that he took photographs of a demonstration in front of the Philippine Consulate and United Nations Headquarters in August 2017 and delivered the negatives to a Walgreens Pharmacy to be developed. *Id.* at 9-10. Plaintiff states that the contract with Walgreens Pharmacy promised to develop the film within one week, "Just in time before the visit of Pres. Trump" to the Philippines. *Id.* at 10. Instead, the development took one month. *Id.*

Plaintiff filed a claim in Small Claims Court for breach of contract, and Walgreens Pharmacy offered a settlement of $100.00. *Id.* at 10-11. "On September 25, 2017, the first day

---

[1] As the pages of the Complaint, addenda, and attachments are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing System ("ECF").

of hearing before Judge Healy of Queens Small Claims Cour[t], my great grand nephew, Alexander Mamot, 32, was gunned [down] in broad daylight." *Id.* Plaintiff states: "this case proved the admitted culpability of Walgreens Pharmacy. . . . The issue remaining is whether the offered compensation of $100 plus developed time-sensitive pictures was reasonable. At the end of the day, the question to be asked: Is it commensurate to the death of my greatgrandnephew, Alaxander" [*sic*]. *Id.* at 11.

The complaint does not provide any other basis for the Court's subject matter jurisdiction or seek specific damages.

## DISCUSSION

Courts are required to give special consideration to *pro se* litigants, those individuals who are not attorneys and are representing themselves in court. This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In giving *pro se* complaints special consideration, the Court must look for the strongest arguments in the complaint. *Id.*; *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008). If the Court finds any possibility that "a valid claim might be stated," the Court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000).

When a civil action is first filed, the Court must assume that all clearly stated facts (but not the legal conclusions) in the complaint are true. *Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 677-79 (2009)). To avoid dismissal, a complaint must include facts that show that the defendants may be responsible for the harm to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A federal statute, 28 U.S.C. § 1915(e)(2)(B), allows plaintiffs who cannot afford to pay

the filing fee to file lawsuits without paying the fee.  This statute requires a district court to dismiss the case if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

      Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action.  The Federal Rules of Civil Procedure require that if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  There are two types of federal subject-matter jurisdiction.  One type is called federal question jurisdiction.  In that type, the complaint must have a claim based on a federal law.  *See* 28 U.S.C. § 1331.  The other type of federal subject-matter jurisdiction is called diversity jurisdiction.  In that type, the plaintiff must show that plaintiff and defendants have complete diversity of citizenship, which means that all the defendants must live in a different state than the plaintiff.  Also, the claim for money damages, which is called the amount in controversy, must be for more than $75,000.00.  *See* 28 U.S.C. § 1332.

      In this case, Plaintiff has not asserted any basis for this Court's subject matter jurisdiction.  His only claim against the Defendant is that Walgreens Pharmacy breached a

3

contract by failing to develop his photographs within one week as promised. Breach of contract is based on a state law and may be raised in state courts, and, indeed, plaintiff litigated this claim in New York City's Small Claims Court and was offered a settlement. Federal courts may not decide issues of state law unless the federal court has diversity jurisdiction over the claim. In this case, Plaintiff alleges that both he and the Defendant are residents of New York State. Even if Defendant is not a resident of New York, the Court does not believe that Plaintiff can reasonably recover damages in excess of the jurisdictional amount of $75,000.00 because Walgreens failed to develop his photographs on time. Accordingly, this claim is DISMISSED for lack of subject matter jurisdiction.

It appears that Plaintiff believes that Walgreens is somehow responsible for the shooting death of his great-grandnephew, because the shooting happened on the same day that Plaintiff appeared in Small Claims Court, in Queens, to litigate his claim about the delay in developing his photographs. Although this is a sad coincidence, Plaintiff does not allege facts that credibly connect these events. Any attempt Plaintiff does make to connect these two events is wholly incredible. This claimed connection is DISMISSED as frivolous.

## CONCLUSION

For the reasons stated above, the complaint is DISMISSED for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/ WFK

Dated: August 27, 2021
Brooklyn, New York

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT